McLain *v.* Wallace, Receiver.

No. 12,005.

McLain *v.* Wallace, Receiver.

Bank.—*General or Special Deposit of Money.*—Upon a special deposit of money a bank is merely a bailee, and is bound according to the terms of the deposit; but on a general deposit the money becomes the property of the bank, and the depositor's claim on the bank is merely for a like amount.

Same.—*Insolvency of Bank.*—Upon the insolvency of a bank, its general depositors must be paid *pro rata.*

Same.—*"Clerk."*—The addition of the word "clerk" to the name of a general depositor does not make the deposit a special one, nor does it change the liability of the bank.

Same.—*Trust Funds.*—The rule that a trustee may follow trust property as long as it can be traced has no application in an action to recover money on general deposit in a bank.

From the Marion Superior Court.

*J. P. Baker,* for appellant.

*B. Harrison, W. H. H. Miller* and *J. B. Elam,* for appellee.

Bicknell, C. C.—The appellee, as receiver of an insolvent banking company, had possession of its property.

The appellant, who was the clerk of the courts of Marion county, filed his petition in said superior court, alleging that, as said clerk, he held money in trust which he deposited with said banking company, and that when said company became insolvent it held $15,286.51 of said money, deposited by the appellant in the name of " Moses G. McLain, clerk," with the knowledge and consent of said company, and subject to the order of the appellant as such clerk, and subject to the order of said court.

The petition prayed for an order directing the receiver to pay said sum of money to the appellant as clerk, or to pay it into court.

The appellee demurred to the petition for want of facts sufficient. The demurrer was sustained, and judgment was rendered thereon against the appellant. He appealed to the superior court in general term ; there the judgment was affirmed, and he appealed to this court.

The question is, what are the rights of a bank depositor when the bank becomes insolvent? Deposits in bank are either general or special. Upon a special deposit the bank is merely a bailee, and is bound according to the terms of the special deposit; but on a general deposit, without special agreement, the money becomes the property of the bank, and the depositor has no longer any claim on that money; his claim is on the bank for a like amount of money. *Coffin* v. *Anderson,* 4 Blackf. 395; *McEwen* v. *Davis,* 39 Ind. 109. Upon the insolvency of a bank, its general depositors must be paid *pro rata.*

The rule that a trustee may follow trust property as long as it can be traced is not applicable to such a case.

The addition of the word " clerk " to the name of a general depositor does not make the deposit a special one, nor does it change the liability of the bank.

We need not decide what would be the rule as to trust funds specially deposited and actually on hand and capable of being traced.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed April 23, 1885; petition for a rehearing overruled Nov. 21, 1885.