## In re FRANKLIN LUMBER CO.

(District Court, D. New Jersey. October 5, 1906.)

1. BANKRUPTCY—PROPERTY PASSING TO TRUSTEE—CONDITIONAL SALE CONTRACT.

Under sections 71 and 72 of the New Jersey act respecting conveyances (P. L. 1898, 699), which provide that contracts for the conditional sale of chattels which are delivered to the purchaser, unless recorded, shall be void as against his judgment creditors or purchasers from him without notice, property in possession of such a purchaser under an unrecorded contract at the time of his bankruptcy is property which he could have transferred, and which might have been levied upon and sold under judicial process against him, and passes to his trustee under Bankr. Act July 1, 1898, § 70, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], free from any claim of the seller thereto.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 199.]

2. SAME—EXECUTION AGAINST BANKRUPT—PROPERTY VESTED IN TRUSTEE.

Property of a bankrupt, the title to which has vested in his trustee under Bankr. Act July 1, 1898, § 70, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], is not subject to seizure on execution against the bankrupt issued on a judgment recovered after the adjudication.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 238.]

In Bankruptcy. On two petitions of American Wood Working Machinery Company for delivery of property to it.

John J. Marnell, for the American Wood Working Machinery Co. Otto A. Stiefel, for Schofield Bros. and Jacob D. Flock.

LANNING, District Judge. On April 14, July 14, and August 17, 1905, the American Wood Working Machinery Company sold, by written contracts of those dates, to the Franklin Lumber Company, three parcels of machinery. Each of these contracts contained the following language: "It is agreed that title to the property mentioned above shall remain in the consignor until fully paid for in cash." On October 21, 1905, a petition in involuntary bankruptcy was filed against the Franklin Lumber Company, and on November 6, 1905, it was adjudged bankrupt. Partial payments only had been made on the three contracts. The American Wood Working Machinery Company now seeks by its first petition to have the machinery returned to it by the bankrupt's trustee.

Sections 71 and 72 of the New Jersey act respecting conveyances (P. L. 1898, p. 699) are as follows:

"Sec. 71. In every contract for the conditional sale of goods and chattels hereafter made, which shall be accompanied by an actual delivery and be followed by an actual and continued change of possession of the things contracted to be sold, all conditions and reservations which provide that the ownership of such goods and chattels is to remain in the person so contracting to sell the same, or other person than the one so contracting to buy them, until said goods and chattels are paid for, or until the occurring of any future event or contingency, shall be absolutely void as against the judgment creditors not having notice thereof, and subsequent purchasers and mortgagees in good faith not having notice thereof, whose deeds or mortgages shall have been first duly recorded, from the person so contracting to buy the same, and as to them the sale shall be deemed absolute, unless such contract for sale with such conditions and reservations therein be recorded as directed in the seventy-second section of this act.

"Sec. 72. The instruments mentioned in the seventy-first section of this act shall be recorded in the office of the clerk of the court of common pleas of the county wherein the party contracting to buy, if a resident of this state, shall reside at the time of the execution thereof, and if not a resident of this state, then in the said clerk's office of the county where the property so conditionally bought shall be at the time of the execution of such instrument."

At the dates of the execution of these contracts, the Franklin Lumber Company was a resident of Hackettstown, Warren county, N. J., and, in order that the American Wood Working Machinery Company might reserve a title that would be good as against judgment creditors and subsequent purchasers and mortgagees in good faith of the Franklin Lumber Company, the contracts should have been recorded in the office of the clerk of the court of common pleas of Warren county. They never have been so recorded. The result is that, at any time prior to the filing of the petition in bankruptcy, the Franklin Lumber Company might have conveyed to a purchaser or mortgagee in good faith not having notice of the conditional sale a perfect title to the machinery. A further result is that, at any time before the filing of the petition in bankruptcy, a judgment cred-

itor of the Franklin Lumber Company might have secured a valid levy under execution upon the machinery.

Now section 70 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. p. 3451]) provides that the trustee of the estate of a bankrupt shall be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, to all property "which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." The argument that the bankrupt in the case now in hand had no title to the machinery is not in all respects sound. As between it and the American Wood Working Machinery Company alone, without the intervention of the rights of others, the argument is sound. But as between it and its judgment creditors or bona fide purchasers or mortgagees, not having notice of the conditional sales, the argument is not sound. As to such purchasers and mortgagees the sale would be deemed absolute, and not conditional. Therefore, since the Franklin Lumber Company, at any time before the filing of the petition against it, could have conveyed the machinery by a good title to any bona fide purchaser or mortgagee in good faith not having notice of the conditional sales, and since a judgment creditor could have secured a valid levy thereon, the bankrupt's trustee, by the provision of section 70 of the bankruptcy act above quoted, is now vested with a title unimpeachable by the American Wood Working Machinery Company. The conclusion thus reached is sustained by Chesapeake Shoe Co. v. Seldner, 122 Fed. 598, 58 C. C. A. 261, and also by the reasoning in Hewitt v. Berlin Machine Co., 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986.

This petition of the American Wood Working Machinery Company must be dismissed.

A second petition of the same company shows that Schofield Bros. commenced a suit at law against the bankrupt on October 6, 1905, two weeks before the petition in bankruptcy was filed, and recovered judgment thereon March 17, 1906, more than four months after adjudication of bankruptcy, and more than three months after the trustee Flock was appointed. As already stated, section 70 of the bankruptcy act provides that the trustee of a bankrupt's estate shall be vested by operation of law with the title of the bankrupt "as of the date he was adjudged a bankrupt." Execution was issued on the judgment of Schofield Bros., and a levy made March 19, 1906. But the judgment was against the bankrupt. The command of the writ of execution was to levy on the property of the bankrupt. This was not done. The property levied on was that of the trustee in bankruptcy. The title was in him, and not in the bankrupt. Besides, he is an officer of the law. He took his title as such. The property is in custodia legis. When it became so Schofield Bros. had not yet recovered their judgment. From the time it became so the jurisdiction of this court over the property has been supreme and exclusive. It was not possible for the sheriff, to whom Schofield Bros. delivered their writ of execution, to secure a valid levy upon

the property, at least without the consent of this court. The pretended levy therefore is invalid. It is the duty of the trustee to hold the property and protect his title. It follows that the prayer of the petition that the sheriff be ordered to deliver the property to the American Wood Working Machinery Company cannot be granted.

This petition, also, must be dismissed.