## GARDNER, AS TRUSTEE IN BANKRUPTCY OF O'GARA COAL COMPANY, *v.* CHICAGO TITLE & TRUST COMPANY, AS RECEIVER OF LA SALLE STREET TRUST & SAVINGS BANK.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 317.  Argued March 15, 1923.—Decided April 9, 1923.

A state bank, holding a secured note, the maker of which became a bankrupt, itself went into insolvency proceedings under the state law after it had accepted, with knowledge of the bankruptcy, deposits of funds of the bankrupt estate made by the trustees in bankruptcy, who were not shown to have known of the note at the time.

*Held* that the bankruptcy court should allow the bank's claim for the amount due on the note, above the value of the security, but withhold dividends until the debt due the trustees had been paid. P. 456.

278 Fed. 509, reversed.

CERTIORARI to an order of the Circuit Court of Appeals directing dismissal of a petition for set-off made by a trustee in bankruptcy.

*Mr. Arthur M. Cox*, with whom *Mr. Henry M. Wolf* and *Mr. A. F. Reichmann* were on the briefs, for petitioner.

*Mr. Hiram T. Gilbert* for respondent.

The relation of a depositary to the trustees of a bankrupt estate is not fiduciary but is simply that of debtor and creditor.

This point is *res judicata* by the decision of the Circuit Court of Cook County allowing the claim of the trustees in bankruptcy as a general claim.

There is no statute expressly making deposits of trustees in bankruptcy preferred claims, nor is there any rule of construction or other authority for holding that be-

cause depositaries are provided for by law the deposits they receive as such are to be regarded as preferred claims.

As a secured creditor the receiver of the bank occupied a position essentially different from that of an unsecured creditor.

At the time of the adjudication in bankruptcy, the bank had the right to apply the collateral upon the note and present its claim against the bankrupt estate for the balance. This right could not be changed by subsequent events. The case is no different from what it would have been had the bankrupt, at the time of the bankruptcy, had on deposit in the bank an amount of money equal to the value of the collateral.

No right of set-off existed in favor of the trustees in bankruptcy as against the receiver of the Trust & Savings Bank. The right of set-off is reciprocal. 34 Cyc. 723; *In re United Grocery Co.*, 253 Fed. 267.

The rights of the parties were fixed at the time of the suspension of the bank and could not be subsequently changed. If there was a right of set-off at that time it was a mutual right and not a right which only one party could then avail itself of. *People* v. *California Safe Deposit & Trust Co.*, 168 Cal. 241; *In re Harper*, 175 Fed. 412; *In re Siegel-Hillman Dry Goods Co.*, 111 Fed. 980; *Scott* v. *Armstrong*, 146 U. S. 499; *In re Chrystal Spring Bottling Co.*, 100 Fed. 265, distinguished.

The controversy here is not one between the O'Gara Coal Company and the bank, but is one between the creditors of the bankrupt company and the creditors of the insolvent bank.

The rights of the Coal Company's creditors were fixed on the date of the filing of the petition in bankruptcy and those of the Bank were fixed on the date of its suspension.

The maxims " He who seeks equity should do equity," and " He who comes into equity should have clean hands," have no application to this case.

The trustees in bankruptcy having obtained an order of the state court for the payment of the $19,843.62 out of the assets of the Bank in due course of administration *pro rata* with the Trust & Savings Bank's other creditors, and having received dividends thereon, are estopped from now claiming the right to retrace their steps and pay back part of the money which they received and have their right of set-off enforced.

This matter has become *res judicata*. The jurisdiction of the state court was complete. The relief granted by it was entirely inconsistent with the relief now claimed by the trustee in bankruptcy and to grant the relief the trustee now claims would operate as a review of the decree of the state court by the courts of the United States.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This case arises in the matter of O'Gara Coal Company, bankrupt, upon a petition for a setoff presented by the trustee of the bankrupt estate. The respondent is the receiver of the La Salle Street Trust and Savings Bank. When the Coal Company became bankrupt in 1913, the Bank held its note for $15,000, with security. Between November 11, 1913, and June 11, 1914, the trustees of the Coal Company in bankruptcy deposited in the Bank, an authorized depositary, and were credited as such trustees with funds of their estate, which amounted to nearly $20,000 on June 12, 1914, when the Bank suspended business, insolvent. A receiver was appointed by a State Court a few days later. The trustees of the Coal Company filed a claim for the amount of their deposit in 1916, and in 1916 and again in 1918 received dividends upon it. On the other side the receiver of the Bank filed a proof of the Bank's claim as unsecured in 1914 but amended it to proof of a secured claim in 1917. The peti-

tion before us seeks to setoff the claim of the petitioner for the deposit in the Bank, less the dividends received, against the claim of the Bank upon the note. The Circuit Court of Appeals denied the setoff and ordered the petition to be dismissed. 278 Fed. 509.

We assume that when money is deposited in a designated bank under § 61 of the Bankruptcy Law of July. 1, 1898, c. 541, 30 Stat. 562, it is deposited as other money is, and becomes the property of the bank, leaving the bank a debtor for the amount. But when this money was deposited with this Bank it seems that the Bank had notice that it was part of a fund appropriated to paying the Coal Company's debts, of which the note held by the Bank was one. We think that it would be inequitable to allow the Bank to proceed to diminish that fund without accounting for the portion that it had received. When the Bank accepted deposits from a fund against which it had a credit it must be taken to have known that it could not profit by the fact at the expense of other claimants. The Bank knew the whole situation. There is nothing to show that the Trustees of the Coal Company when they made their deposits knew that the Bank held the Coal Company's note. If they had known this fact it would be going far to say that they altered or could alter the position of their *cestuis que trust* for the worse. On the other hand the creditors of the Bank can stand no better than the Bank.

The Bankruptcy Court may allow the Bank's claim for such sum only as may seem to the Court to be owing above the value of the security, § 57e, and may withhold dividends upon that sum until the debt due to the trustee has been paid. *Western Tie & Timber Co.* v. *Brown,* 196 U. S. 502, 511.

*Decree reversed.*