1

NORTH RIVER INSURANCE COMPANY, Plaintiff in Error, v. WILSON & TOOMER FERTILIZER COMPANY, Defendant in Error. PHŒNIX INSURANCE COMPANY, Plaintiff in Error, v. WILSON & TOOMER FERTILIZER COMPANY, Defendant in Error. ST. PAUL FIRE & MARINE INSURANCE COMPANY, Plaintiff in Error, v. WILSON & TOOMER FERTILIZER COMPANY, Defendant in Error. UNITED STATES FIRE INSURANCE COMPANY, Plaintiff in Error, v. WILSON & TOOMER FERTILIZER COMPANY, Defendant in Error. NIAGARA FIRE INSURANCE COMPANY, Plaintiff in Error, v. WILSON & TOOMER FERTILIZER COMPANY, Defendant in Error. ST. PAUL FIRE & MARINE INSURANCE COMPANY, Plaintiff in Error, v. WILSON & TOOMER FERTILIZER COMPANY, Defendant in Error. AUTOMOBILE INSURANCE COMPANY, Plaintiff in Error, v. WILSON & TOOMER FERTILIZER COMPANY, Defendant in Error. GENERAL FIRE ASSURANCE COMPANY, Plaintiff in Error, v. WILSON & TOOMER FERTILIZER COMPANY, Defendant in Error. STERLING FIRE INSURANCE COMPANY, Plaintiff in Error, v. WILSON & TOOMER FERTILIZER COMPANY, Defendant in Error. AUTOMOBILE INSURANCE COMPANY, Plaintiff in Error, v. WILSON & TOOMER FERTILIZER COMPANY, Defendant in Error. (Circuit Court of Appeals, Fifth Circuit. March 21, 1925.) Nos. 4353–4362. In Error to the District Court of the United States for the Southern District of Florida. Daniel MacDougald, of Atlanta, Ga., and W. E. Kay, Thos. B. Adams, and Reuben Ragland, all of Jacksonville, Fla. (Spalding, MacDougald & Sibley, of Atlanta, Ga., Kay, Adams & Ragland, of Jacksonville, Fla., and Underwood, Pomeroy & Haas, of Atlanta, Ga., on the brief), for plaintiffs in error. Robert R. Milam and George C. Bedell, both of Jacksonville, Fla. (Arthur Y. Milam, B. R. Milam, and G. W. Milam, all of Jacksonville, Fla., on the brief), for defendant in error. Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. It was stipulated by counsel that the above cases should abide the result of the writ of error in Hartford Fire Insurance Company v. Wilson & Toomer Fertilizer Company (No. 4352) 4 F.(2d) 835, this day decided and affirmed. Accordingly the judgments herein are affirmed.

<hr>

2

John H. OBER, Trustee, etc., Appellant, v. SPITZER–RORICK TRUST & SAVINGS BANK, Trustee, et al. (Circuit Court of Appeals, Eighth Circuit. December 1, 1924.) No. 6881. Appeal from the District Court of the United States for the Eastern District of Oklahoma. Taylor, Chasnoff & Willson, of St. Louis, Mo., for appellant. Tracy, Chapman & Welles, of Toledo, Ohio, and Breckinridge & Bostick, of Tulsa, Okl., for appellees.

PER CURIAM. Appeal docketed and dismissed, without costs to either party in this court, per stipulation of parties.

<hr>

3

In the Matter of O'GARA COAL COMPANY, Bankrupt. CHICAGO TITLE & TRUST COMPANY, as Receiver of La Salle Street Trust & Savings Bank, Appellant, v. Frank G. GARDNER, as Trustee in Bankruptcy of O'Gara Coal Company, Appellee. (Circuit Court of Appeals, Seventh Circuit. May 1, 1925. Rehearing Denied May 21, 1925.) No. 3497. Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois. Hiram T. Gilbert, of Chicago, Ill., for appellant. O. D. Stern, of Chicago, Ill., for appellee. Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. This court, in Re O'Gara Coal Co., Chicago Title & Trust Co. v. Gardner, 278 F. 509, and the Supreme Court in Gardner, as Trustee, etc., v. Chicago Title & Trust Co., as Receiver, etc., 261 U. S. 453, 43 S. Ct. 424, 67 L. Ed. 741, 29 A. L. R. 622, had under consideration the two claims here in question, and those opinions sufficiently state the facts. In reversing this court, the Supreme Court ordered: "The bankruptcy court may allow the bank's claim for such sum only as may seem to the court to be owing above the value of the security (section 57e), and may withhold dividends upon that sum until the debt due to the trustee has been paid. Western Tie & Lumber Co. v. Brown, 196 U. S. 502, 511." Thereafter the referee entered the following: "Order claim of William C. Niblack, receiver of La Salle Street Trust & Savings Bank, be allowed for $2,105.07; collateral held by claimant to be surrendered to trustee on payment of claim." The referee's certificate to the court, on petition for review of that order, shows that the referee in no way considered the security or its value. The court, on review, considered only the referee's certificate. Because of the failure to follow the mandate of the Supreme Court, the order of the bankruptcy court is reversed, with direction to follow that mandate.