## UNION INDEMNITY CO. et al. v. FLORIDA BANK & TRUST CO.
### No. 945-M.
District Court, S. D. Florida.
March 17, 1931.

Miller & McKay and James A. Dixon, all of Miami, Fla., for complainants Union Indemnity Co. and United States Fidelity & Guaranty Co.

Hudson & Cason and Park H. Campbell, all of Miami, Fla., for complainant Hartford Accident & Indemnity Co.

Gedney, Johnston & Lilienthal and Harry A. Johnston, all of West Palm Beach, Fla., for defendant Florida Bank & Trust Co.

RITTER, District Judge.

This cause comes on for final hearing upon an agreed statement of facts, and the court, having considered the same and heard argument of counsel, finds as follows:

On March 20, 1926, the First American Bank & Trust Company, a state bank under the laws of Florida, was appointed by due order of this court as a depository of bankrupt funds of estates in the hands of receivers or trustees. In order to qualify such depository, First American Bank & Trust Company executed four certain bonds, to

wit, $70,000 with Union Indemnity Company as surety, $35,000 with United States Fidelity & Guaranty Company as surety, and two bonds aggregating $19,000 with Hartford Accident & Indemnity Company as surety. Each of the said sureties have instituted separate actions in this court against the defendant, all of similar import, and a decision in this cause of the Union Indemnity Company shall be accepted as a decision in the other cases.

On the 18th day of June, 1928, the First American Bank & Trust Company became insolvent and was taken over under the state banking law by the comptroller of the state of Florida designating W. H. Tunnicliffe as receiver, said appointment being under the proper proceedings and confirmation as provided by law. Said receiver has been succeeded by J. F. Cochrane, and later by Florida Bank & Trust Company as liquidator. At the time of such suspension of business there was on deposit in said First American Bank & Trust Company the funds of several bankrupt estates totaling $90,629.09, said deposits being in the name of the respective trustees or receivers of said bankrupt estates, and were subject to check as provided by acts of Congress relating to bankruptcy, as follows:

| Estate | Trustee or Receiver | Amount |
|---|---|---|
| Elmer Cook | R. J. Bacon...... | $ 382 56 |
| Edward Johnson Upholstering Co. | C. C. Calloway.. | 14 67 |
| G. W. Bingham | E. C. Cook....... | 310 57 |
| Monk's Furniture & Rug Store | E. B. Davis...... | 11,459 02 |
| J. Mulberg | Harry Dietz..... | 2,367 65 |
| Kelsey City Mercantile Co. | D. W. King...... | 1,660 00 |
| Delray Quality Shop | B. F. Paty....... | 175 10 |
| Southern Florida Operating Co. | Smith, Lamar and Langford.. | 51 95 |
| Southern Florida Realty Co. | Smith, Lamar and Langford.. | 50,308 71 |
| Mizner Development Corp. | E. T. Halter, E. B. Davis and L. L. Ford..... | 13,914 88 |
| Waalewyn's Domestic Bakery | Charles W. Shearman ..... | 695 92 |
| Frank G. Lang | Charles H. Warwick, Jr........ | 2,833 88 |
| Lake Worth Lumber Co. | J. W. Harwell... | 6,454 18 |
| Total | ...................... | $90,629 09 |

The bills of complaint in the other cases, namely, United States Fidelity & Guaranty Company, No. 946–M Equity, and Hartford Accident & Indemnity Company, No. 947–M Equity, set out like deposits of different trustees or receivers of bankrupt estates. The respective trustees or receivers aforesaid filed claims with the said liquidator, asking that the funds on deposit in said bank be considered as debts due the United States and given preference on account thereof. The

said liquidator has denied said claims as preferred.

After such denial, the said trustees and receivers made demand upon the surety companies, and the surety companies paid to the United States the sums of money secured by their respective bonds and received an assignment of the claims of the said receivers and trustees, subject to an approval order of this court. The surety companies, after making such payments, again filed claims with the receiver as preferred creditors, and the preference was again denied. The suits are brought for the purpose of establishing these claims as preferred claims under sections 191 and 193, title 31, USCA.

### Conclusions of Law.

██ 1. There is a controversy arising out of and based upon the laws and statutes of the United States. There are the requisite jurisdictional matters present in this case and the other two cases hereinbefore enumerated, and the court has jurisdiction of the subject-matter of this and the other such cases.

2. The question presented for decision is whether the claims of the complainant are debts due the United States under section 191 and 193, title 31, USCA. If they are, complainant is entitled to a judgment of preference.

Section 191 provides:

"Whenever any person indebted to the United States is insolvent * * * the debts due to the United States shall be first satisfied."

Section 193 provides that where a surety on a bond, as presented in this case, pays the obligation, it shall have "the like priority for the recovery and receipt of the moneys out of the estate and effects of such insolvent or deceased principal as is secured to the United States; and may bring and maintain a suit upon the bond, in law or equity, in his own name, for the recovery of all moneys paid thereon."

Is this a debt due the United States?

██ The possession of the trustee is the possession of the court. The trustee is only the agent of the court. Remington on Bankruptcy, § 2365.

██ The money so deposited was in custodia legis. When it was deposited in the bank, there was created the relation of debtor and creditor, as exists between any ordinary depositor. The title to the money in the bank vested in the trustee who deposited it, and was in his possession, and under such conditions it is considered as placed in the custody of the bankruptcy court. Property in custodia legis is so when it is shown that it has been and is subject to the official custody of a judicial executive officer. McFarland Carriage Co. v. Solanes (C. C.) 108 F. 532; In re Franklin Lumber Co. (D. C.) 147 F. 852.

In re Bologh et al. (D. C.) 185 F. 825, 829, is a case with similar facts, but where the court was petitioned to take summary action for the return of the deposit. This the court declined to do, but said:

"A receiver or other officer of the court who deposits money in a trust company, in my opinion, simply creates thereby the same relation of debtor and creditor as is created by any bank deposit. The debt may have a preference, but it is nevertheless a debt, and I do not think that the bankruptcy court can exercise the same summary authority over such a depositary that it can over a receiver."

In the instant case, the parties are before the court in an action at law. The above case is the only case among the federal decisions which may be considered as paralleling the case we are considering.

In Gardner v. Chicago Title Company, 261 U. S. 456, 43 S. Ct. 424, 67 L. Ed. 741, 29 A. L. R. 622, the court says:

"We assume that when money is deposited in a designated bank under § 61 of the Bankruptcy Law of July 1, 1898, c. 541, 30 Stat. 562 [11 USCA § 101], it is deposited as other money is, and becomes the property of the bank, leaving the bank a debtor for the amount."

I think the case of Bramwell v. U. S. F. & G. Co., 269 U. S. 483, 46 S. Ct. 176, 70 L. Ed. 368, is in point. It is true that the deposits considered in that case were of moneys arising out of the guardianship of Indians on the reservation, and the United States was charged with the care and distribution of the funds. Title was in the United States until the money was paid out. In the case at bar, title is in the bankruptcy court as a matter of fact, which is the United States in effect, until paid out by the officers of the court under court order and direction.

In 208 Iowa, 1248, 224 N. W. 499, is considered the case of Andrews, State Superintendent of Banking, v. Crawford County State Bank of Denison, Iowa, et al., decided April 2, 1929, in which that court holds that the Crawford County State Bank had been designated by the Federal District Court as a depository for the funds of bankrupt estates. The bank becoming insolvent, claims

were made as are asserted in the instant case. The court disallows the claims as preferred claims because they are not debts due the United States within the meaning of the considered statute, refusing to follow Bramwell v. U. S. F. & G. Co., supra, but the reasoning of the court does not appeal to me as being correct.

■ I cannot escape the conclusion, after considering the theory of administration of bankrupt estates, as provided by the acts of Congress, that it was the intention of Congress that the obligation of the depository for bankrupt estate funds should be construed as a debt due the United States so as to be entitled to a preference. The statute should be given a liberal construction, and protection should be afforded the United States as far as such construction will permit.

I conclude that the deposits presented in this case are debts due the United States, and so hold, and the complainant is entitled to have the same allowed as preferred claims. This same ruling will apply to case No. 946–M Equity and No. 947–M Equity, and judgment will be entered accordingly.