## SURPRISE *v.* FIRST TRUST AND SAVINGS BANK OF HAMMOND ET AL.

[No. 14,486. Filed May 6, 1932. Rehearing denied October 27, 1932. Transfer denied February 22, 1933.]

*William D. Whinery* and *Alfred P. Draper*, for appellant.

*Glenn D. Peters* and *Bomberger, Peters & Morthland,* for appellees.

LOCKYEAR, J.—On the 27th day of February, 1931, A. Murray Turner and William C. Belman were appointed receivers for the appellee, First Trust and Savings Bank of Hammond, Indiana, with the usual powers to take possession and control the assets of said bank, to reduce its assets to cash and wind up the affairs of said corporation.

The appellant had for a number of years prior to the closing of said bank been appointed trustee in bankruptcy and receiver in bankruptcy by the United States District Court for the Northern District of Indiana, in a large number of bankrupt estates then and there being administered in said United States Court. That as such trustee and as such receiver, the appellant had from time to time deposited large amounts of money which had come into his hands belonging to the bankrupt estates to be administered by him, in the said First Trust and Savings Bank which bank had petitioned for and had been designated as depository for such moneys; that said moneys so deposited were in separate accounts for each of the several bankrupt estates of which he was trustee or receiver, as the case might be, the same being deposited in the name of Charles L. Surprise, as trustee or receiver in bankruptcy of the estate of (name inserted), a bankrupt.

That at the time of the appointment of the receiver for the appellee bank, he had 85 separate accounts in said

bank, totaling the sum of $82,938.16; that the said First Trust and Savings Bank, in order to qualify as such depository, prior to the deposit of any such funds by said Charles L. Surprise, had been, upon its petition to said United States District Court, designated as a depository and had given bonds to the United States of America for the safe keeping of all such moneys.

That said Charles L. Surprise, thereupon and soon after the appointment of the receiver of said bank, demanded from them a return of each and all of said funds to him, which they refused to pay over to him as aforesaid, and that he, the said Charles L. Surprise, then by leave of the court filed his intervening petition in Lake Superior Court against said bank and said receiver alleging the facts as above stated, and prayed for an order and judgment declaring said funds to be preferred claims of the assets of said bank. The bank and said receiver appeared and filed answers thereto in general denial.

Upon the issues thus joined, the cause was heard and the court, having heard the evidence, found against the said Charles L. Surprise as such trustee and found that the claim should be denied as a preferred or priority claim against the First Trust and Savings Bank and against said receiver, and that said claim should stand as a common claim without any right of priority or preference, to which finding and ruling of the court, the petitioner, Charles L. Surprise, was given a separate exception.

The appellant filed motion for a new trial, alleging that the decision of the court is not sustained by sufficient evidence and is contrary to law, which motion for a new trial was overruled and proper exceptions saved.

Appeal to this court followed said ruling.

It is the contention of the appellants, first, that the several deposits were special deposits and being such

were entitled to a preference; second, that the deposits of Charles L. Surprise as trustee or receiver in bankruptcy is a debt owing the United States and is entitled to preference under Secs. 191 and 193, Title 31 of the United States Code.

The appellant contends that these deposits, because of having been required to be made under the rules of the Federal Court and under the Bankruptcy Acts of Congress, thereby became special deposits and are for that reason entitled to preference.

The facts of this case do not show them to be special deposits.

They were made in the same manner as any other deposits.

They were not deposited for any specified purpose and were subject to check as other accounts were.

We call attention to the case of *Gardner* v. *Chicago Title and Trust Company* (1922), 261 U. S. 453, 67 L. Ed. 741, 43 S. Ct. 424, 29 A. L. R. 622. Justice Holmes, speaking for the court, says: "We assume that when money is deposited in a designated bank under Sec. 61 of the Bankruptcy Law of July 1, 1898, Ch. 541, 30 Stat. at L. 562, Comp. Stat. par. 9645, 1 Fed. Stat. Anno 2d. ed. p. 1048, it is deposited as other money is and becomes the property of the bank, leaving the bank a debtor for the amount. But when this money was deposited with this bank it seems that the bank had notice that it was part of a fund appropriated to paying the coal company's debts, of which the note held by the bank was one. We think, it would be inequitable to allow the bank to proceed to diminish that fund without accounting for the portion that it had received. When the bank accepted deposits from a fund against which it had a credit it must be taken to have known that it could not profit by the fact at the expense of other claimants." To the same effect

see *McLain* v. *Wallace, Receiver* (1885), 103 Ind. 562, 5 N. E. 911.

The appellant also contends that these deposits are debts due the United States and, under the Federal Statute, Sec. 191 and 193, Title 31 U. S. Code, are pre-erred.

The statutes are as follows:

Sec. 191.

"Whenever any person indebted to the United States is insolvent . . . the debts due to the United States shall be first satisfied."

Sec. 193.

"Whenever the principal in any bond given to the United States is insolvent, or . . . any surety on the bond . . . pays to the United States the money due upon such bond, such surety . . . shall have the like priority for the recovery and receipt of the moneys out of the estate and effects of such insolvent . . . as is secured to the United States; and may bring and maintain a suit upon the bond, in law or in equity, in his own name for the recovery of all moneys paid thereon."

The Supreme Court of Iowa, in *Andrew* v. *Crawford Co. Bank* (1929), 208 Iowa 1248, 224 N. W. 499, holds that such deposits are not debts due the United States.

The Supreme Court of South Carolina holds the same in the case of *American Surety Company* v. *Royall, Receiver et al.* (1931), 160 S. C. 1, 158 S. E .127.

We find no authority to the contrary.

The title to these deposits belongs to the creditors of the bankrupt. The officers of the Federal Court are in no sense the owners of the funds nor is the United States the owner.

Finding no reversible error, the judgment is affirmed.