HOOD, Com'r of Banks of North Carolina v. BROWNLEE.

In re PATTERSON.

No. 3301.

Circuit Court of Appeals, Fourth Circuit. Jan. 10, 1933.

William C. Meekins, of Hendersonville, N. C. (M. M. Redden, of Hendersonville, N. C., on the brief), for appellant.

Thomas H. Franks, of Hendersonville, N. C. (Lipscomb & Lipscomb, of Asheville, N. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is a controversy between the trustee of a bankrupt estate and the State Commissioner of Banks, who is in charge of an insolvent bank and has succeeded to its assets. The bankrupt at the time of his adjudication in bankruptcy was indebted to the bank in the sum of $41,250 in excess of the value of the property held as security for the debt. Some time after the adjudication, the trustee in bankruptcy deposited in the bank, which had been designated as a depositary of bankrupt estates, the cash derived from the sale of assets of the bankrupt. Later the bank became insolvent and suspended business, having on deposit to the credit of the trustee in bankruptcy the sum of $15,757.64, which was reduced by collections from the sureties on the bank's bond to the sum of $5,888.95. On proof of debt in the bankruptcy proceeding by the Commissioner of Banks, the question of the right of set off was raised, the commissioner contending that he was entitled

to set off the $41,250 debt of the bankrupt against the $5,888.95 balance on deposit and have claim allowed against the bankrupt estate for the balance, or that he was at least entitled to an order directing that the trustee in bankruptcy be allowed to set off merely the dividends on the claim against the insolvent bank against the dividends due on the claim against the bankrupt estate. The judge below, after allowing the claim against the bankrupt estate in the sum of $41,250, ordered that no dividend should be paid thereon until other unsecured creditors of the bankrupt should have received in dividends on their claims pro rata amounts equivalent to a dividend of $5,888.95 on the $41,250 claim of the bank; and from this order the Commissioner of Banks has appealed.

■ The effect of the order appealed from is to deny the right to set off claim against claim or dividend against dividend, and to allow the trustee in bankruptcy to set off against the amount to which the Commissioner of Banks may be entitled in dividends from the bankrupt estate the amount due the trustee by the bank as a deposit balance. We have listened with interest to the able argument of counsel for appellant and have carefully considered the authorities cited in his brief, but we think that the action of the learned judge below was correct. The position of the Commissioner of Banks is not different from what that of the bank would have been if insolvency had not occurred; for the receiver of an insolvent bank, which is the position that the commissioner occupies, merely succeeds to the rights of the bank and has no right with respect to its assets which the bank itself would not have had. Gardner v. Chicago Title & Trust Co., 261 U. S. 453, 456, 43 S. Ct. 424, 67 L. Ed. 741, 29 A. L. R. 622; Burrowes v. Nimocks (C. C. A. 4th) 35 F.(2d) 152, 159; Schumacher v. Eastern Bank & Trust Co. (C. C. A. 4th) 52 F.(2d) 925, 928; 3 R. C. L. 641; Funk v. Young, 138 Ark. 38, 210 S. W. 143, 5 A. L. R. 79; Gilbertson v. Northern Trust Co., 53 N. D. 502, 207 N. W. 42, 42 A. L. R. 1353.

■ It is perfectly clear that the bank had no right to set off the debt of the bankrupt against the deposit of the trustee, for the reason that the debt due by the bankrupt to the bank and the debt owing by the bank to the trustee on account of the deposit were not mutual debts or credits within the meaning of section 68 of the Bankruptcy Act, 11 USCA § 108; Western Tie & Timber Co. v. Brown, 196 U. S. 502, 25 S. Ct. 339, 49 L. Ed. 571. And see note in 71 A. L. R. at page 806 and

cases there cited. They were not owing by and to the bank "in the same right." The claim of the bank arose out of the individual debt of the bankrupt, and the only liability of the trustee with respect thereto was to apply upon it a pro rata portion of the assets of the bankrupt estate under the order of the court of bankruptcy. The liability of the bank on the deposit made by the trustee was to the trustee as representative, not of the bankrupt alone, but also of the creditors of the bankrupt estate. If the bankrupt himself had made the deposit with a view of giving the bank a preferential payment on its claim, the bank would not have had the right of set off. Citizens' Nat. Bank v. Lineberger (C. C. A. 4th) 45 F.(2d) 522, 529. A fortiori, the bank may not obtain a preference by setting off a debt due by the bankrupt against estate funds deposited by the trustee.

■ The question that next arises is whether the trustee in bankruptcy may set off the liability of the bank for the balance of the deposit against dividends to which the bank may become entitled on its claim allowed against the bankrupt estate, which is what the order appealed from virtually allows. As above indicated, we think that he may. The deposit is due by the bank to the trustee as representative of the estate of the bankrupt. Dividends are payable by him in the same capacity. The debts arising out of the deposit and the liability for dividends are, therefore, mutual and in the same right; and there is no reason for denying to the trustee the right of set off. To look at the matter in another way, the bank received funds of the estate when the deposit was made. Now, when its insolvency has precluded the trustee from recovering these funds, it should not receive additional funds by way of dividends until other creditors of the estate have shared on a pro rata basis to an equal extent.

A case which we regard as "on all fours" with the case at bar is Gardner v. Chicago Title & Trust Co., supra, 261 U. S. 453, 43 S. Ct. 424, 67 L. Ed. 741, 29 A. L. R. 622. In that case the trustees in bankruptcy had deposited funds belonging to a bankrupt estate in a bank to which the bankrupt was indebted on a note and which had filed a claim against the estate. The bank later became insolvent. On a petition by the trustee in bankruptcy to set off the deposit against the claim of the bank, the Supreme Court reversed the action of the lower court in denying the set off and authorized the bankruptcy court to withhold dividends on the claim of the bank until the debt due the trustee on account of the deposit

of funds should be repaid. This was precisely what was done in the case at bar. The court in that case, speaking through Mr. Justice Holmes, said: "We assume that when money is deposited in a designated bank under § 61 of the Bankruptcy Law of July 1, 1898, c. 541, 30 Stat. 562 [11 USCA § 101], it is deposited as other money is, and becomes the property of the bank, leaving the bank a debtor for the amount. But when this money was deposited with this Bank it seems that the Bank had notice that it was part of a fund appropriated to paying the Coal Company's debts, of which the note held by the Bank was one. We think that it would be inequitable to allow the Bank to proceed to diminish that fund without accounting for the portion that it had received. When the Bank accepted deposits from a fund against which it had a credit it must be taken to have known that it could not profit by the fact at the expense of other claimants. The Bank knew the whole situation. There is nothing to show that the Trustees of the Coal Company when they made their deposits knew that the Bank held the Coal Company's note. If they had known this fact it would be going far to say that they altered or could alter the position of their cestuis que trust for the worse. On the other hand the creditors of the Bank can stand no better than the Bank. The Bankruptcy Court may allow the Bank's claim for such sum only as may seem to the Court to be owing above the value of the security, § 57e [11 USCA § 93], and may withhold dividends upon that sum until the debt due to the trustee has been paid. Western Tie & Timber Co. v. Brown, 196 U. S. 502, 511, 25 S. Ct. 339, 49 L. Ed. 571."

We have carefully examined the case of Peurifoy v. Gamble, 145 S. C. 1, 142 S. E. 788, 71 A. L. R. 783, which denied to the receiver of an insolvent bank the right to set off a deposit made by him in another bank which later became insolvent against dividends due on a claim of the latter bank. But the majority of the Supreme Court of South Carolina refused to follow in that case the decision of the Supreme Court of the United States in Gardner v. Chicago Title & Trust Co., supra, by which we are bound; and the dissenting opinion of Mr. Justice Cothran contains an able discussion of the principles involved with an exhaustive review of the authorities, and, we think, lays down correctly the principle which should be applied in cases such as this.

The trustee's liability to the bank is not for the face of the claim but for dividends which may be allowed upon it; and it is but equitable that against this liability he be allowed to set off the deposit which was made by him in the same capacity as that in which he is charged with liability for dividends. There can be no doubt that an individual who had deposited funds in the failed bank would have had the right to set off the deposit against a liability to the bank; and we see no reason why a fiduciary, such as a trustee in bankruptcy, would not have the same right. A receiver who had borrowed from a bank on receiver's certificates would certainly be allowed to set off a deposit against his liability on the certificates; and the same principle would permit the trustee in bankruptcy to set off the deposit against dividends.

For the reasons stated, we think that the order appealed from is correct and same will accordingly be affirmed.

Affirmed.