In re ECKLUND.

FRANK v. SALM.

Nos. 5286, 5326.

Circuit Court of Appeals, Seventh Circuit.

Jan. 14, 1935.

Rehearing Denied April 2, 1935.

Carl E. Sheldon, of Sterling, Ill., for appellant.

John M. Stager, of Sterling, Ill., for appellee.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

EVANS, Circuit Judge.

The single question presented by this appeal may be stated thus:

Do funds deposited by a trustee of a bankrupt estate in a depository national bank create the relation of debtor and creditor so that, upon the bank's becoming insolvent and liquidation by the Comptroller of Currency becoming necessary, the trustee is paid on the same basis as other depositors?

Appellant contends that the designated depository is an arm of the court; that it is an agent of the court; that it accepts funds from the trustee charged with the knowledge that his title thereto can be divested only in a special way; that a debtor and creditor relation between the bank and the trustee does not exist; that the money in the bank is in custodia legis, and, upon the Comptroller of Currency taking charge of the bank, he should pay the sum due the trustee in full. He cites Standard Company of Raleigh, Inc. (unreported) [1] and Emigrant Ind. Savings Bank v. Scott's B. R. Co., 240 App. Div. 779, 266 N. Y. S. 27.

Appellee contends that, upon the trustee's deposit of money with the depository bank, which is required to give a bond, the relation of debtor and creditor is created and upon the bank's failure the trustee's claim is in no better position than that of any other depositor. He cites Lamb v. Townshend (C. C. A.) 71 F.(2d) 590, 592, and Gardner, Trustee, v. Chicago Title & Trust Co., 261 U. S. 453, 43 S. Ct. 424, 67 L. Ed. 741, 29 A. L. R. 622.

We are satisfied that the District Court correctly disposed of the case. Upon the trustee's depositing money in the bank, the relation of debtor and creditor arose. The trustee was not entitled (save as he may be protected by a bond) to a treatment different from that shown other depositors.

In Lamb v. Townshend, supra, the court said:

"The deposit of bankruptcy funds in an authorized depository ordinarily vests the ownership of the funds in the bank and creates a mere indebtedness on the part of the bank to the trustee making the deposit. Florida Bank & Trust Co. v. Union Indemnity Co. (C. C. A. 5th) 55 F.(2d) 640, 83 A. L. R. 1102; In re Bologh (D. C.) 185 F. 825, 828, 829; Gardner, Trustee, v. Chicago Title & Trust Co., 261 U. S. 453, 43 S. Ct. 424, 67 L. Ed. 741, 29 A. L. R. 622; Hood, Com'r of Banks, v. Brownlee (C. C. A. 4th) 62 F.(2d) 675. And the bank does not become charged with the duties of a trustee to segregate and invest the funds because it accepts them with knowledge that they are subject to a trust. Santee Timber Corporation v. Elliott et al. (C. C. A. 4th) 70 F.(2d) 179 [93 A. L. R. 874]; 3 R. C. L. 518; 7 C. J. 633; notes in 37 A. L. R. 120, and 53 A. L. R. 564. As said by the Supreme Court in Marine Bank v. Fulton County Bank, 2 Wall. 252, 256, 17 L. Ed. 785: 'All deposits made with bankers may be divided into two classes, namely, those in which the bank becomes bailee of the depositor, the title to the thing deposited remaining with the latter; and that other kind of deposit of money peculiar to banking business, in which the depositor, for his own convenience, parts with the title to his money, and loans it to the banker; and the latter, in consideration of the loan of the money and the right to use it for his own profit, agrees to refund the same amount, or any part thereof, on demand. The case before us is not of the former class. It must be of the latter.' "

In Gardner v. Chicago Title & Trust Co., supra, the court said:

"We assume that when money is deposited in a designated bank under section 61 of the Bankruptcy Law of July 1, 1898, c. 541, 30 Stat. 562 (11 USCA § 101), it is deposited as other money is, and becomes the property of the bank, leaving the bank a debtor for the amount."

The order is affirmed.

---

[1] No opinion filed.