## In re GEORGE–MORT ART CALENDAR CO.

### UNION GUARDIAN TRUST CO. et al. v. GUARDIAN NAT. BANK OF COMMERCE OF DETROIT et al. *

### No. 6869.

Circuit Court of Appeals, Sixth Circuit.
May 16, 1935.

Arthur Fixel, of Detroit, Mich. (McLeod, Fixel, Abbott & Fixel and Frederick B. Darden and William W. Brashear, all of Detroit, Mich., on the brief), for appellants.

Hugh Nichols (Nichols, Morrill, Wood, Marx & Ginter, of Cincinnati, Ohio, and Warren, Hill, Hamblen, Essery & Lewis, of Detroit, Mich., on the brief), for appellees.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The Union Guardian Trust Company, as Receiver in Bankruptcy, filed a petition with the Referees for an order compelling the Guardian National Bank of Commerce of Detroit to surrender moneys in the bankrupts' estate deposited with such bank under court order. Other bankruptcy proceedings brought by Trustees in Bankruptcy, praying for recovery of money similarly deposited, and also a proceeding in which bankruptcy funds had been deposited with the Referee under a composition settlement were consolidated and the Conservator, later named Receiver of the

* Writ of certiorari denied 56 S. Ct. 140, 80 L. Ed. ——.

Guardian National Bank of Commerce of Detroit, which had closed previous to this petition, was joined as respondent. The Referee made an order requiring the Guardian National Bank of Commerce of Detroit immediately to surrender and pay to the Receiver in Bankruptcy the amount of the bankrupts' funds deposited with it. Upon petition for review, the District Court dismissed the petitions for summary order filed by the Receiver, Trustees and Referees. From the decree dismissing the petitions the Referees, Trustees and Receiver appeal.

The Referees are without power or right to appeal from the decree of the District Court. King v. Rossman, No. 6862 (C. C. A. 6) decided on order December 7, 1934.[1]

It is urged that the decree should be reversed upon three main grounds: (1) That the depository bond furnished for the deposit of the bankruptcy funds is invalid, and that title to the funds did not pass to the depository bank; (2) that the deposits are special, and not general; (3) that the funds are in custodia legis, entitled to preference and subject to summary order.

Upon the first point the appellants contend that the holding company which executed the depository bond was unauthorized under the Michigan statutes to transact surety operations. The bond was executed by the Guardian Detroit Union Group, Inc., of which the Guardian National Bank of Commerce of Detroit was a subsidiary, and was duly approved by the court. The holding company was not a surety company doing a surety business. The bond was executed in furtherance of and as an incident to the holding company's own business, namely, that of acquiring the deposit for its subsidiary. Green Bay & M. R. Co. v. Union Steamboat Co., 107 U. S. 98, 100, 2 S. Ct. 221, 27 L. Ed. 413; Henderson Tire & Rubber Co. v. Gregory, 16 F.(2d) 589, 49 A. L. R. 1503 (C. C. A. 8). Hence it was valid.

Upon the second question, the deposits were clearly general and not special. They bore interest, were subject to check, and were commingled with the bank's commercial funds. Keyes v. Paducah & Illinois R. Co., 61 F.(2d) 611, 86 A. L. R. 203 (C. C. A. 6); Lamb, Receiver, v. Townshend, 71 F.(2d) 590 (C. C. A. 4). Cf. Gardner,

Trustee, v. Chicago Title & Trust Co., Receiver, 261 U. S. 453, 43 S. Ct. 424, 67 L. Ed. 741, 29 A. L. R. 622.

Upon the third point, the principle of custodia legis has no application. Keyes v. Paducah & Illinois R. Co., supra. The order of the District Court entered upon February 27, 1933, ordering that funds so deposited be forthwith paid in full, does not affect this conclusion. Union Guardian Trust Co. v. Detroit Trust Co., 72 F.(2d) 120 (C. C. A. 6).

The appeal of the Referees is dismissed. The decree of the District Court dismissing the petitions of the Trustees and Receiver is affirmed.

---

[1] Appeals dismissed without opinion.