## In re UNITED CIGAR STORES CO. OF AMERICA.
### No. 497.

Circuit Court of Appeals, Second Circuit.
July 15, 1935.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Edgar G. Crossman, of New York City, of counsel), for appellant.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Alfred McCormack, of New York City, of counsel), for trustee of the debtor's estate.

M. Carl Levine, of New York City, for Jacob Ruppert Realty Corporation.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

United Cigar Stores Company of America filed a voluntary petition under section 77B of the Bankruptcy Act (11 USCA § 207) which the court approved on June 14, 1934. This proceeding superseded a prior proceeding in bankruptcy, in which the appellant, Guaranty Trust Company of New York, as trustee, had filed a proof of claim based upon the debtor's guaranty of debenture bonds issued by one of its subsidiaries. The claim was before this court

in Re United Cigar Stores Co., 68 F.(2d) 895, and as a result of that decision, on May 15, 1934, an order was entered by the referee in the bankruptcy proceedings finally allowing the claim in the sum of $431,918.28, representing the amount of debentures for which individual debenture-holders had not filed claims. The order of allowance directed the trustee in bankruptcy to pay to the appellant all dividends theretofore or thereafter declared on $322,-958.16 of the claim, representing debentures in the possession of the appellant or of the custodian of the court, but as to the balance of the claim the order provided for payment of dividends thereon only as and when the debentures representing such balance should come into the possession of the appellant or of the custodian of the court. The order further provided that it was made without prejudice to the appellant's assertion of the right to be paid dividends on the full amount of its claim as allowed, or to the contesting of such alleged right by the trustee in bankruptcy. Prior to the entry of this order dividends aggregating 50 per cent. had been declared, and thereafter a 50 per cent. dividend was paid the appellant on part of its claim, but not on $108,960.12 thereof. On June 13, 1934, the appellant filed its petition in the bankruptcy proceedings to establish its right to the unpaid portion of the declared dividends on the full amount of its claim as allowed and, before action had been had thereon, filed a petition in the reorganization proceedings under which the matter was referred to a special master, before whom the appellant's right was contested by the reorganization trustee and by an intervening landlord-creditor. The special master reported that no order should be made directing the reorganization trustee to pay any dividends on the balance of the appellant's claim. This appeal is from an order confirming the special master's report.

The question presented involves the right of a creditor whose claim has been finally allowed in bankruptcy to obtain payment of a dividend thereon, equal to dividends already paid on similar allowed claims, if the prior proceeding in bankruptcy is superseded by a proceeding for reorganization under section 77B (11 USCA § 207). So far as we are informed it is a question of first impression.

The appellant relies upon subdivision (i) of section 77B (11 USCA § 207 (i).

This provides in effect that if a receiver or trustee has been appointed in a prior proceeding in bankruptcy or equity receivership and the debtor shall file a petition for reorganization which is approved, "the judge shall make such orders as he may deem equitable for the protection of obligations incurred by the receiver or prior trustee and for the payment of such reasonable administrative expenses and allowances in the prior proceeding as may be fixed by the court appointing said receiver or prior trustee." The minor premise in the argument is that dividends declared in bankruptcy are obligations of the bankruptcy trustee, and the conclusion is drawn that equitable "protection" of the trustee's liability to the appellant for the declared dividend requires it to be paid forthwith in cash.

The contention that the bankruptcy trustee was under an obligation to pay the dividend is grounded upon subdivision 9 of section 47a of the Bankruptcy Act (11 USCA § 75 (a) (9) and cases permitting a trustee in bankruptcy to set off his deposit in an insolvent bank against the bank's right to a dividend on its claim against the bankrupt. Gardner v. Chicago Title & Trust Co., 261 U. S. 453, 43 S. Ct. 424, 67 L. Ed. 741, 29 A. L. R. 622; Hood v. Brownlee, 62 F.(2d) 675 (C. C. A. 4). It is denied by the appellees that these authorities have any applicability in determining what are "obligations" of the prior trustee within the meaning of section 77B (i), 11 USCA § 207 (i), and are especially inapposite in the case at bar since the very order allowing the appellant's claim expressly deferred payment of the dividends now in dispute. In postponing payment of the dividends until identification of the debenture holders in whose behalf the mortgage-trustee is claiming them, the order of May 15, 1935, was erroneous under the decision of In re Paramount Publix Corporation, 72 F.(2d) 219 (C. C. A. 2), which was handed down a few weeks later. Since the order was entered "without prejudice," the appellant contends that its right to the disputed dividends should be considered without regard to the fact that payment was ordered deferred. For present purposes we may so assume, and may also assume that the liability of the bankruptcy trustee to pay declared dividends on the full amount of the appellant's claim as allowed is an "obligation" which the court must

"protect" in the reorganization proceeding. But it does not follow that "protection" of the obligation requires it to be forthwith paid in cash. We think it is not without significance that subdivision (i), 11 USCA § 207 (i), provides for the "protection" of obligations incurred by the prior trustee and for "payment" of administrative expenses and allowances. Situations may easily be imagined in which to require immediate payment of dividends on a large claim allowed just prior to the filing of the petition for reorganization, might exhaust the cash resources of the debtor's estate and render impossible the continuation of its business during the period necessary for formulating and obtaining approval of a plan of reorganization. The purpose of the new legislation might thus be frustrated if it were construed to require immediate payment on all allowed claims of dividends declared in the bankruptcy proceedings. Hence we conclude that the appellant had no absolute right to obtain immediate payment of the dividends in dispute.

The question then becomes whether the judge failed in his duty to make such orders as he may deem equitable for the protection of the appellant's right. The special master's report, which the court confirmed, recommends that no order for payment be made at the present time. It does not determine that a plan of reorganization may be confirmed which does not provide for payment in cash to the appellant. It leaves that question open for future determination. In our opinion equitable protection of the appellant requires that it shall ultimately be paid cash so that the debenture-holders whom its represents may be placed on a parity with those who have already received a 50 per cent. dividend in the bankruptcy proceedings. No plan of reorganization which does not provide for such cash payment to the appellant could be deemed "fair and equitable." But that is far from saying that it was an abuse of discretion to enter the order appealed from. No evidence was introduced before the special master to show how much cash was turned over by the prior trustee to the reorganization trustee or to show that immediate payment to the appellant would not be detrimental to a continuance of the debtor's business. A letter on this subject written by counsel for the reorganization trustee has been appended to the appellant's brief, but whether the District Court considered it does not appear, nor could we treat counsel's opinion as conclusive of the facts as to which it is expressed. Some dozen or more creditors had claims pending and undisposed of in the bankruptcy proceeding, and in what amounts they will be allowed in the reorganization proceeding and whether a 50 per cent. cash dividend must also be provided for them in any plan of reorganization to be confirmed are questions which the District Court has not yet determined. Landlord creditors also have provable claims in the reorganization proceeding, and whether they must be put on a parity with the claims of debenture holders is another disputed question. If they are, it is not inconceivable that the debtor's estate may have to be liquidated under subdivision (k), 11 USCA § 207 (k). With all these uncertainties it cannot be said that the court abused its discretion in failing to order payment to the appellant at the present time. The order is affirmed, but without prejudice to the appellant's right to the 50 per cent. cash dividend under any plan of reorganization which may be confirmed.