### In re AUTLER.
### No. 67462.

District Court, S. D. New York.
Jan. 20, 1939.

Tanner, Sillcocks & Friend, of New York City (Henry J. Sillcocks, of New York City, of counsel), for Metropolitan Life Ins. Co.

Charles Seligson, of New York City, for trustee.

PATTERSON, District Judge.

The trustee in bankruptcy brought a summary proceeding to compel the respondent, Metropolitan Life Insurance Company, to turn over certain submeters for measuring electric current. The referee made an order directing the respondent to surrender the property.

The bankrupt or his predecessor installed submeters for measuring electric current in a building owned by the respondent. Under the submetering agreement between the parties the bankrupt reserved title but gave the respondent "the privilege of purchasing the above-mentioned equipment * * * at a price to be mutually agreed upon, but in no event to be more than $500," at the expiration of the agreement or any renewal. The agreement was renewed from year to year but finally expired on October 6, 1936. By letter of January 22, 1937, the respondent notified the bankrupt to cease further operations in the building and stated that it "desired to purchase at a mutually agreed price" the submeters and other appliances. The letter was returned undelivered, the bankrupt having closed his place of business. Involuntary petition in bankruptcy was filed on February 10, 1937. The respondent filed proof

**300**

of claim on May 6, 1937, for upwards of $2,000, for damages due to the bankrupt's breach of the submetering contract in certain respects, and in the proof of claim deducted from its claim the sum of $500 as "the agreed price of the submeters", stating that it "has elected and hereby elects to purchase" the submeters pursuant to the agreement.

■■ The case turns on whether title to the equipment is now in the trustee in bankruptcy or in the respondent. The agreement between the bankrupt and the respondent was not a present sale. It merely gave the respondent an option to purchase later on, at a price to be agreed on but not in excess of $500. But for the fixing of the $500 maximum the option would have been wholly ineffective. A contract to sell at a price to be arrived at by later agreement is a mere agreement to agree and altogether futile unless a later agreement is actually made. Williston on Sales, sections 167-168; see Mayer v. McCreery, 119 N.Y. 434, 23 N.E. 1045. It follows that when the respondent sought to notify the bankrupt in January, 1937, that it desired to purchase "at a mutually agreed price", no valid contract for the purchase of the equipment was made, whether or not the respondent intended to exercise the option. It may be noted that the respondent did not then state that it exercised the option at the figure of $500. Title to the equipment was still in the bankrupt, and on his bankruptcy title passed to the trustee.

■ The respondent did not acquire title later by deducting $500 from its claim and giving notice in its proof of claim that it was exercising the option. If we assume that the option was still open after a lapse of some months and assume further that under the original agreement it was intended that title would pass forthwith on exercise of the option, the respondent would then be purchasing from the trustee, not from the bankrupt, and it would have no right to set off a claim which it owed the trustee for goods purchased against an old claim which it held against the bankrupt. Gardner v. Chicago Title & Trust Co., 261 U.S. 453, 43 S.Ct. 424, 67 L.Ed. 741, 29 A.L.R. 622. The respondent has indicated no willingness to pay $500 to the trustee.

The referee did not err in directing the respondent to turn over the equipment. His order will be affirmed.