**In re MULTRONICS, INC., Debtor.**

**James B. McCRACKEN, Trustee, Plaintiff,**

v.

**ROCKWELL INTERNATIONAL, Richardson, Texas, Defendant.**

Bankruptcy No. 80–00405–BKC–SMW.
Adv. No. 80–0241–BKC–SMW–A.

United States Bankruptcy Court,
S. D. Florida.

Nov. 19, 1980.

Reggie David Sanger, Fort Lauderdale, for plaintiff.

James Knight, Miami, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on for trial to be heard upon the Plaintiff's Complaint to recover monies for goods sold and delivered to the Defendant and the Answer and Counterclaim of the Defendant and the Court having heard the testimony of the witnesses, examined the Court file, and the evidence introduced as well as the argument and memoranda of law submitted by counsel, this Court does hereby make the following findings of fact and conclusions of law:

The Trustee, JAMES B. McCRACKEN, has been duly appointed in the above styled bankruptcy and is acting in said capacity. Prior to the Trustee's appointment as interim trustee on May 28, 1980 Multronics, Inc. had been operating as a debtor in possession under Chapter 11 of the Bankruptcy Code since April 10, 1980.

During the period from April 10, 1980 until May 28, 1980 the debtor in possession sold to Defendant, ROCKWELL INTERNATIONAL (Richardson, Tx) various electronic equipment represented in invoice number 6476 for the sum of $140.73.

The Plaintiff on June 30, 1980 demanded the total sum represented in the foregoing

**128**

invoice in the sum of $140.73 which Defendant refused to pay due to an alleged setoff against the amount due the Defendant in the sum of $14,771.67 for previously shipped defective merchandise.

The goods represented in the above invoice were not defective. Thus the Defendant will not be allowed a setoff because the Defendant has failed to show the mutuality between the amount sought by the Plaintiff represented in those obligations incurred after the filing of the Chapter 11 and the claim for defective merchandise that existed for goods sold prior to the filing of the Chapter 11 proceeding on April 10, 1980. See *Gardner v. Chicago Title Co.*, 261 U.S. 453, 43 S.Ct. 424, 67 L.Ed. 741, 4 Collier, *On Bankruptcy* page 553–15, 15th Edition.

Therefore, since under the Bankruptcy Code the debtor in possession and the trustee are different entities from the debtor prior to the filing, then the Defendant in order to recover under his counterclaim had to prove that the goods sold by the debtor in possession represented in invoice number 6476 were defective, which the Defendant has failed to do. However, this does not prejudice Defendant from filing its claim in the bankruptcy case and receiving a claim in the estate.

Consequently, this Court concludes that the Plaintiff is entitled to a judgment against the Defendant to the extent of $140.73 and a final judgment should be entered pursuant to Bankruptcy Rule 921(a) in conformity with these findings of fact and conclusions of law.