L. A. ANDREW, State Superintendent of Banking, Appellee, v. CRAWFORD COUNTY STATE BANK OF DENISON et al., Appellants.

No. 39150.

APRIL 2, 1929.

REHEARING DENIED OCTOBER 19, 1929.

*Bradshaw, Schenk & Fowler, Sims & Page,* and *H. B. White,* for appellants.

*L. W. Powers* and *P. J. Klinker,* for appellee.

*Sims & Page,* for claimants and interveners.

STEVENS, J.—On or about December 15, 1926, the Crawford County State Bank of Denison, Iowa, closed its doors, and ceased to do business. At the suit of the state superintendent of banking, he was appointed receiver by the district court, and has at all times since been in possession of the bank's assets. The board of directors of the bank acquiesced in the action for the appointment of a receiver, and, by voluntary resolution, properly adopted, consented thereto. Prior to the time when it ceased to do business, the Crawford County State Bank had been properly designated by the Federal District Court for the Southern District of Iowa as a depositary of funds belonging to bankrupt estates. Proofs of claims were duly filed in the office of the clerk of the district court by Jacob Johnson, C. C. Cadwell, and Harry Anderson, trustees in bankruptcy of various designated bankrupt estates. The claims thus proven aggregated $41,389.89. This sum has been somewhat reduced by dividends paid by the receiver. Before the deposits were made by the respective trustees, separate bonds, naming the United States as obligee, and signed by a surety company, were executed by the bank. The several surety companies signing the various bonds appeared in the receivership case and filed a petition in intervention, praying that the claims filed by the respective trustees in bankruptcy named above be allowed and established as debts due the United States, and for an order directing the receiver to pay the same, with legal interest, in preference to all other debts or claims against said bank, and, as alternative relief, asked to be subrogated to the rights of the United States, in the event of payment of the claims by the surety company. A trial was had, with the result that the claims were allowed and established in

favor of trustees as general depositors, and without priority. Thereupon, the surety companies paid the claims, and, by order of the court, were subrogated to the rights of the United States.

Two propositions are discussed by counsel. First, was the evidence sufficient to establish the allegations of appellants' petition in intervention of the insolvency of the Crawford County State Bank, within the terms and meaning of the United States bankruptcy laws? Second, are the claims filed and allowed by the court indebtedness due the United States, within the meaning of Section 3466, Revised Statutes of the United States? Section 3466, so far as material to this controversy, is as follows:

"Whenever any person indebted to the United States is insolvent * * * the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor not having sufficient property to pay all his debts makes a voluntary assignment thereof * * *."

In view of the conclusion reached as to the second proposition, we deem it unnecessary to discuss at length, or decide, the first one, but see *Bramwell v. United States Fid. & Guar. Co.*, 269 U. S. 483 (70 L. Ed. 368); *Price v. United States*, 269 U. S. 492 (70 L. Ed. 373); *Stripe v. United States*, 269 U. S. 503 (70 L. Ed. 379).

The precise question involved and requiring decision in this case apparently has not arisen in any of the Federal courts. Cases believed by appellants to be analogous are cited and discussed in their brief. Section 3466 must be given a liberal construction. *Bramwell v. United States Fid. & Guar. Co.*, supra.

Ultimate distribution of the funds in question, after paying costs and expenses of the receivership, must be made to the creditors of the various bankrupt estates. The sole beneficial interest therein is in these creditors. The obvious purpose of Section 3466, Revised Statutes of the United States, is to secure priority of payment of all indebtedness in fact due the United States, or in which it has the beneficial interest. The case most relied upon by counsel for appellant is *Bramwell v. United States Fid. & Guar. Co.*, 269 U. S. 483 (70 L. Ed. 368). The funds involved in that case consisted of deposits made by the superintendent of the Klamath Indian Reservation for and

on behalf of the tribe and of individual Indians. The depository gave a bond to the United States signed by the United States Fidelity & Guaranty Company as surety. The surety paid the superintendent the amount due, and was subrogated to the rights of the United States, and became entitled to whatever right of priority, if any, it could have claimed. The subject of priority is not discussed by the Supreme Court, but it was discussed by the district court, wherein it was pointed out that, under the treaty with the Klamath Indians, and numerous acts of Congress, the United States has become guardian of Indians on the reservation, and, as such, supervises and manages their affairs, collects and disburses funds for their benefit, and may sue to enforce and protect their rights and obligations. *United States Fid. & Guar. Co. v. Bramwell,* 295 Fed. 331. To the same effect see *United States v. Oklahoma,* 261 U. S. 253 (67 L. Ed. 638).

Postal funds, taxes due the United States, and other like or similar funds, have been held to be debts due the United States, and entitled to priority of payment under Section 3466. *United States v. Parker,* 9 Fed. (2d Ser.) 473; *United States v. Adams,* 9 Fed. (2d Ser.) 624; *United States v. First State Bank,* 14 Fed. (2d Ser.) 543; *United States v. People's Tr. Co.,* 17 Fed. (2d Ser.) 437; *United States v. Brock,* 5 Fed. (2d Ser.) 265.

Funds held by an insolvent bank representing deposits of postal or forestry funds, taxes, or Federal revenues so clearly come within the term "debts due the United States" that differentiation of the cases so holding and the case at bar is wholly unnecessary. The public is the direct beneficiary of these funds. They represent assets of the government, but the funds in controversy in this case, as stated, belonged, and must ultimately be distributed, to the creditors of the various bankrupts. They do not in any sense belong to the United States, nor, does it seem to us, represent the indebtedness due thereto, within the meaning of the statute quoted. It is true that the United States was not the beneficial owner of the Indian claims, but it was entitled thereto, as the legal guardian of the beneficiaries. In other words, the debt was due the United States as guardian, under the laws of Congress. The court in the Oklahoma case gave the statute a liberal construction.

This conclusion disposes of the case, and discussion of other

1252

questions argued by counsel is unnecessary. The judgment from which this appeal is taken is affirmed.—*Affirmed.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.