13100

AMERICAN SURETY CO. *ET AL.* v. ROYALL, AS RECEIVER
STATE *EX REL.* FANT, STATE BANK EXAMINER, v. BANK OF
FLORENCE *ET AL.*

(158 S. E., 127)

August, 1930.

2

*Messrs. Hyde, Mann & Figg,* for appellants,

*Messrs. Wilcox & Hardee,* for respondents,

March 27, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The Bank of Florence was a duly chartered banking institution under the laws of the State of South Carolina, with its place of business at the City of Florence, S. C. October 28, 1928, it suspended business and placed its affairs in the hands of the State Bank Examiner. Under a proceeding brought by the State Bank Examiner, Sam J. Royall was appointed receiver of the bank by order of the Court of Common Pleas for Florence County; he qualified, and is now acting in that capacity.

By order of the District Court of the United States for the Eastern District of South Carolina, of date on or before December 8, 1921, the Bank of Florence was designated as a depository for funds of bankrupt estates, and the bank was required to give its bond to the United States of America in the penal sum of $10,000.00; the bond was given with New Amsterdam Casualty Company as surety. Thereafter, and prior to March 28, 1922, the Court required the bank to give an additional bond in the sum of $10,000.00 for the same purpose. This was done, with American Surety Company of New York as surety. At the time the Bank of

Florence suspended business and the receiver was appointed, it had on deposit bankruptcy funds and moneys to the amount of $12,405.13, which were secured by these two bonds. On demand, the sureties paid to the United States attorney for the Eastern District of South Carolina the sums of money so, as aforesaid, on deposit; each of the sureties paying one-half thereof. Thereafter, by order of the United States District Court for the Eastern District of South Carolina, the claims for the funds so paid by the sureties were assigned to the said sureties.

Thereupon the said sureties brought this action in the Court of Common Pleas for Florence County, claiming that under the provisions of the laws of Congress they were entitled to be paid in full and by prior right out of the funds of the insolvent bank in the hands of the receiver.

To this petition the receiver demurred on the ground that the petition does not show that the debts described are debts due to the United States within the meaning of Section 3466 of the Revised Statutes U. S. (31 U.S.C.A., § 191), and therefore petitioners, as sureties, have no priority under Section 3468 of the Revised Statutes U. S. (31 U.S.C.A., § 193).

His Honor, Judge Dennis, in a well-considered decree, sustained the demurrer; hence this appeal.

This Court is satisfied with the disposition of the case made by the order of Judge Dennis. It may not, however, be amiss to add that, in the opinion of this Court, the contention of the counsel for appellants that the denial of the writ of *certiorari* by the Supreme Court in the case of *Andrew v. Crawford County State Bank,* 208 Iowa, 1248, 224 N. W., 499, *certiorari* denied in *Royal Indemnity Co. of N. Y. v. Andrew,* 281 U. S., 725, 50 S. Ct., 239, 74 L. Ed., 1142 (upon which case Judge Dennis mainly predicated his order sustaining the demurrer) does not mean that the Supreme Court approved the action of the Court below, is not sound. The memorandum decision

does not disclose the reasons for the Court's ruling, but, in the absence of proof to the contrary, the legitimate inference is that the writ was denied because the Court was satisfied with the decision of the Court below.

We are of the opinion, too, that the case of *Bramwell v. U. S. F. & G. Co.,* 269 U. S., 483, 46 S. Ct., 176, 70 L. Ed., 368, which appellant sets up as in direct opposition to the case of *Andrews v. Crawford State Bank, supra,* and as, in effect, nullifying the decision in that case, does not sustain appellant's contention.

That case stands squarely upon the proposition that the debts therein sought to be given priority as debts due the United States were moneys of the Klamath Tribe of Indians, which had been deposited in the insolvent bank by the superintendent of the tribe, who was an appointee of the government. These Indians were the wards of the government under the provisions of Acts of Congress. As the guardian of these wards, the government was legally entitled to the money thus on deposit.

This Court concurs in the conclusion reached by his Honor, the Circuit Judge, that the funds deposited in the Bank of Florence by trustees in bankruptcy were not debts due the United States. They were funds distributable to the creditors of the several bankrupts.

The Supreme Court of the United States in *Price v. U. S.,* 269 U. S., 492, 46 S. Ct., 180, 181, 70 L. Ed., 373, citing *United States v. State Bank,* 6 Pet., 29, 35, 8 L. Ed., 308, declares the purpose of the statutes which give priority to the United States in the distribution of the assets of an insolvent to be "to secure adequate public revenue to sustain the public burdens."

Certainly the funds which are here sought to be subjected to the claim of priority do not come within the provision of the priority statutes as thus defined.

The appeal is dismissed, and the order appealed from is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Cothran, Stabler, and Carter, concur.