## American Surety Company of New York, Appellant, v. Earl D. Amsler, Receiver of the Merchants State Bank of Centralia, Appellee.

Heard in this court at the October term, 1931. Opinion filed February 1, 1932. Rehearing denied March 4, 1932.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, for appellant.

R. J. BRANSON and JUNE C. SMITH, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The Merchants State Bank of Centralia was appointed by the United States District Court for the Eastern District of Illinois, as an official depository for the purpose of accepting deposits from the trustees and receivers of bankrupt estates, and executed a bond to the United States for $50,000 with appellant as surety. The auditor of public accounts of the State of Illinois closed the bank on December 6, 1930, took possession of its assets, and appointed a receiver. At that time several trustees of bankrupt estates had on deposit in said bank various sums amounting in all to more than $48,000. Appellant paid the United States the amount of such deposits and filed a claim, as subrogee, with the receiver for the amount so paid, asking that it be made a preferred claim. The court allowed the claim but held that appellant was not entitled to a preference.

Appellant contends that it is entitled to a preference under sections 3466 and 3468 of the Revised Statutes of the United States. In addition to those sections appellant relies largely upon *Bramwell v. United States Fidelity & Guaranty Co.*, 269 U. S. 483, 46 Sup. Ct. 176; 299 Fed. 705; 295 Fed. 331. In the *Bramwell* case the United States was guardian of the Klamath Indians and as such guardian supervised and managed their affairs, collected and disbursed funds intended

for their benefit, and was entitled to sue to enforce and protect their rights. In that case Indian funds were deposited in a bank which were secured by a bond in the sum of $100,000. The court held that as the United States was guardian for the Indians and their funds, the deposits were a debt owing by the Bank to the United States within the meaning of section 3466 of the Revised Statutes aforesaid. In the opinion of the District Court in that case, 295 Fed. 331, it is said: "The debt here in question was due from the bank to the United States, both by the terms of the deposit and the condition of the bond given for its security. The United States was the only party to which the obligation ran, and which could enforce it. It is true the money was held in trust for the use and benefit of the Indians, but that does not make the indebtedness of the bank any the less an indebtedness to the United States." In the opinion of the Circuit Court of Appeals in that case, 299 Fed. 705, it was said: "Notwithstanding that the money on deposit with the bank stood in the name of the Indian agent and was held for the use and benefit of the Indians as their property, there can be no question but that it represented a debt due from the bank to the United States. This is recognized in the terms of the bond which was given to secure its payment, and it is the generally accepted doctrine as to all moneys held by officers of the United States in trust for the use and benefit of the Indians. The United States, under its treaty with the Klamath Indians, was the guardian of the Indians on the reservation." In that case it was held that the surety company, having reimbursed the United States for the amount on deposit in the bank at the time it failed, was entitled to a preference.

In the case at bar the United States was not the guardian of the trustees in bankruptcy who made the deposits, nor was it a guardian for the bankrupt or

his creditors. The statute under which the bank executed the bond in question expressly provides that such bond may be sued upon in the name of the United States, for the use of any person injured by a breach of its conditions. If the same deposits had been made in a bank which had failed to execute a bond to the United States, no one would seriously contend that the bank was indebted to the United States. The United States had no right, title or interest as guardian, trustee or otherwise in the funds deposited. As we understand the Bankruptcy Act, a bond of this character is taken from the depository as a matter of convenience. One bond is taken to the United States for the benefit of all trustees and receivers who made deposits in the bank, instead of leaving it to each trustee or receiver to require a separate bond for their deposits.

The question presented by this record was passed upon and it was held that the surety was not entitled to a preference in each of the following cases: *Andrew v. Crawford County State Bank,* 208 Iowa 1248, 224 N. W. 499; a petition for certiorari was denied in *Royal Indemnity Co. v. Andrew,* 281 U. S. 725, 50 Sup. Ct. 239; *Hartford Accident & Indemnity Co. v. Green* (Ala.), 134 So. 487; *American Surety Co. v. Royall,* 160 S. C. 1, 158 S. E. 127.

Appellant contends that those cases are not in point because the courts improperly refused to follow the *Bramwell* case, *supra.* In our opinion the *Bramwell* case presented an entirely different situation and is not applicable. Appellant insists that his position is fully sustained by *Union Indemnity Co. v. Florida Bank & Trust Co.,* 48 F. (2d) 595, and the decision of the court of common pleas of Anderson county, S. C., in *Fidelity & Casualty Co. v. Bank of Anderson.* The latter opinion was by Judge Bonham who later became a member of the Supreme Court of South

Carolina and wrote the opinion in *American Surety Co. v. Royall, supra,* in which the Supreme Court of South Carolina held that this same appellant was not entitled to a preference under a similar state of facts. The *Union Indemnity Co.* case, *supra,* is an opinion by a United States District Judge who followed the *Bramwell* case, *supra,* without taking notice of the fact that in the *Bramwell* case the United States was a guardian-for the Indians and their funds.

In our opinion appellant was not entitled to a preference and the judgment is affirmed.

*Affirmed.*