## FLORIDA BANK & TRUST CO. OF WEST PALM BEACH v. UNION INDEMNITY CO. et al.

### No. 6245.

Circuit Court of Appeals, Fifth Circuit.

Feb. 2, 1932.

Harry A. Johnston, of West Palm Beach, Fla., for appellant.

Francis M. Miller, John G. McKay, James A. Dixon, H. Reid De Jarnette, and F. M. Hudson, all of Miami, Fla., and James C. Henriques and Manning W. Heard, both of New Orleans, La., for appellees.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

Each of the appellees was the surety on a bond given by the First American Bank & Trust Company, a Florida banking corporation, which, pursuant to statute (11 USCA § 101), was designated by the court below as a depository for the money of bankrupt estates; those bonds, pursuant to that statute, naming the United States as payee, and being given to secure deposits in that bank of funds of bankrupt estates. That bank became insolvent and a receiver was appointed to liquidate its assets for the benefit of creditors, the appellant being the successor of such receiver. Prior to its failure the bank received on deposit funds of the bankrupt estates of sundry individuals and private corporations, which were deposited to the credit of the several trustees or receivers of such estates. Upon the payment by the three sureties of the amounts of such deposits owing by the bank at the time of the appointment of a liquidating receiver, the referee in bankruptcy and the trustees and receivers of the several bankrupt estates executed an instrument acknowledging full and complete satisfaction of the liability of the sureties on the bonds mentioned, and assigning, transferring, and setting over to the sureties, the appellees, as their interests may appear, "all of their right, title and interest which they may have as Referee, Trustees and Receivers, respectively, and which they may hold as representatives, officers or officials of the United States of America and the said Referee in Bankruptcy and the said Trustees and Receivers in Bankruptcy, respectively, as aforesaid against First American Bank & Trust Company, of West Palm Beach, Florida, and against W. H. Tunnicliffe, Receiver of said First American Bank & Trust Company, to the full extent that, but to no greater extent

than, said Referee, Trustees and Receivers have right and authority in law to transfer and set over said claims." By three separate suits, which were consolidated, the appellees, the sureties on the bonds, asserted the claims that for the amounts paid by them in discharge of their liability on the bonds they acquired claims entitled to preference or priority against the liquidator of the failed bank or the assets thereof. The court adjudged that the claims of the appellees in stated amounts "be, and they are each, respectively, hereby allowed and established as claims against the Florida Bank & Trust Company, as Liquidator of First American Bank & Trust Company, with the same priority and preference as though the said claims, and each of them, were debts due to the United States of America, and prior to all other claims against the said Liquidator. That said claims are each on a parity with the other."

The following statutory provisions are relied on to support the claims of priority asserted and allowed:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed." 31 USCA § 191.

"Whenever the principal in any bond given to the United States is insolvent, or whenever, such principal being deceased, his estate and effects which come to the hands of his executor, administrator, or assignee, are insufficient for the payment of his debts, and, in either of such cases, any surety on the bond, or the executor, administrator, or assignee of such surety pays to the United States the money due upon such bond, such surety, his executor, administrator, or assignee, shall have the like priority for the recovery and receipt of the moneys out of the estate and effects of such insolvent or deceased principal as is secured to the United States; and may bring and maintain a suit upon the bond, in law or equity, in his own name, for the recovery of all moneys paid thereon." 31 USCA § 193.

For a debt to be entitled to the priority given by the first set out statute, it must be one "due to the United States." The fact that the bonds, as required by statute, were made "to the United States," did not have the effect of making all debts secured thereby "debts due to the United States." Such bonds secure debts not due or payable to the United States, and "may be sued upon in the name of the United States for the use of any person injured by a breach of their conditions." 11 USCA § 78; Illinois Surety Company v. Peeler, 240 U. S. 214, 224, 36 S. Ct. 321, 60 L. Ed. 609. It did not appear that the United States had any beneficial interest in the funds deposited in the failed bank to the credit of trustees and receivers of bankrupt estates, or that any of those funds were properly payable to the United States. A deposit in bank of privately owned money does not create a debt to the United States, though such deposit is made by and to the credit of a receiver or trustee of a bankrupt estate. The United States, having no beneficial interest in the moneys deposited, was not financially injured by a breach of the conditions of the bonds in question. The facts of the instant case clearly distinguish it from the case of Bramwell v. U. S. Fidelity Co., 269 U. S. 483, 46 S. Ct. 176, 70 L. Ed. 368, in which it was decided that a bank became indebted to the United States as a result of the deposit with it by the superintendent of an Indian reservation of Indian moneys, individual and tribal, which moneys the United States, as guardian of the Indians, was entitled to possess and distribute. The deposits now in question created debts owing by the depository bank to the representatives of the several bankrupt estates, and the moneys deposited, less expenses of administration, belonged to the creditors of those estates, to whom they must ultimately be distributed, the United States not being entitled to receive any part of those moneys, and it would not have been financially harmed if no part thereof had been paid. A ruling that the deposits in question created debts due to the United States, and that the appellees, by paying the amount of those deposits, acquired a right to priority in distribution of the assets of the depository, is inconsistent with the decision in the case of American Surety Co. v. Akron Savings Bank, 212 U. S. 557, 29 S. Ct. 686, 53 L. Ed. 651, to the effect that the surety on the bond of the depository of a receiver in bankruptcy which ran, as required by law, to the United States, was not entitled to priority in distribution of assets of the depository.

That decision affirmed a decision of the Supreme Court of Ohio. American Surety Co. v. Akron Savings Bank Co., 74 Ohio St. 465, 78 N. E. 1116. Several other state court decisions are to the same effect. Andrew v. Crawford County State Bank, 208 Iowa, 1248, 224 N. W. 499; Hartford Accident & Indemnity Co. v. Green (Ala. Sup.) 134 So. 487; American Surety Co. of New York v. Royall, 160 S. C. 1, 158 S. E. 127. The above mentioned ruling was erroneous.

The decree is reversed.