## Woodward's Petition.

Argued April 21, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Clarence Loeb,* with him *Irvin J. Kopf,* for appellant.

*David W. Niesenbaum, Edwin M. Abbott,* Attorneys, Department of Justice, *Shippen Lewis,* Special Deputy Attorney General, and *William A. Schnader,* Attorney General, for appellee, were not heard.

PER CURIAM, May 9, 1932:

Graham C. Woodward, appellant, appointed receiver in equity proceedings connected with the Bethlehem & Nazareth Pass. Ry. Co. by the United States District Court, opened a bank account in his name as receiver with the Northwestern Trust Co. and deposited receivership funds therein. The trust company became insolvent and was taken over by the state secretary of banking, the deposits of the receiver at that time amounting to $16,708.32. The receiver petitioned the court below to require the secretary of banking to pay over to him, immediately and in advance of the filing and auditing of the secretary's account and distribution of the bank's funds generally, the total amount of the receivership deposits, basing his prayer on the grounds (1) that such deposit by a federal receiver in equity is a debt due the United States and as such a preferred debt, and (2) that it was specifically deposited as a trust fund, and consequently the trust company was a trustee with the duty, under section 40 (a) of the Act of June 15, 1923, P. L. 809, 827, of transferring the corpus of the trust estate to a new trustee, such a fund being entitled to preference in the distribution of assets of an insolvent company. The court below dismissed the petition, finding against petitioner on both contentions. In so doing, the court cannot be charged with error.

In Cameron v. Carnegie Trust Co., 292 Pa. 114, 117-18, we said: "Section 40 of the Banking Act of June 15, 1923, P. L. 809, 827,......obviously refers only to technical and continuing trusts, for it prescribes that substituted fiduciaries shall be appointed, in place of the insolvent banking institutions, to take over and thereafter administer the trust. This is the only section of the

act which provides for a preliminary determination regarding any claim on the funds in the hands of the secretary, and hence,—expressio unius est exclusio alterius,—excludes the idea of a right to so proceed in any other instance." There we held the insolvent bank a trustee ex maleficio because, its officers knowing it to be insolvent, the bank accepted a note sent for collection and remittance only, and mingled the amount received therefrom with its other funds. Such a situation is not present here, where the receivership account was a deposit received by the bank in the regular course of business, before the bank's state of insolvency was known. As stated by the learned president judge of the court below, "The terms and relations upon which it received the deposit were those of a bank and depositor," not of "trustee of any kind for the receiver or his cestui que trust of the fund." Miller's App., 218 Pa. 50.

On the question of whether a deposit received by a bank from a receiver appointed by a United States Court becomes a debt due the United States, the court below rightly says that "the money [is] due to the receiver as trustee for the creditors of the company......and they are its equitable owners in the rateable proportions of their claims. The treasury of the United States is not in any way affected by the payment or nonpayment of the deposit. The fund was never at any time money of the United States, nor will the United States ever be entitled to any of it. It is thus without the reason for the preference of claims of the government over private claims." Florida Bank & Trust Co. v. Union Indemnity Co., 55 Fed. 2d 640.

The order of the court below dismissing prayer of petitioner is affirmed.