## WILSON v. LYON COUNTY BANK et al.
### No. H–17.

District Court, D. Nevada.
Aug. 25, 1933.

Wm. M. Kearney, of Reno, Nev., for plaintiff.

Harwood & Diskin, of Reno, Nev., for defendants.

NORCROSS, District Judge.

Plaintiff by his bill of complaint prays that a claim filed with the defendant E. J. Seaborn, as state bank examiner, for a balance of account of moneys deposited by plaintiff with the Lyon County Bank, be adjudged to be a first preferred claim, and defendant be directed to pay the same with accrued interest out of the assets of said bank, and for such other and further relief as is just and equitable in the premises. To the bill of complaint defendant Seaborn, as state bank examiner, interposed a motion to dismiss upon the grounds that the complaint fails to state facts sufficient to constitute a cause of action or any matter of equity entitling plaintiff to the relief prayed for, or to any relief against said defendant. The motion was submitted upon briefs and oral argument.

The material allegations of the complaint are, in substance, as follows:

On April 2, 1925, plaintiff, by order of this court, was appointed receiver of the Nevada Copper Belt Railroad Company, a corporation organized under the laws of the state of Maine, and ever since has been and now is such receiver. On or about February 16, 1932, the Lyon County Bank ceased to do a banking business, and was taken in charge by the defendant state bank examiner in pursuance of the laws of the state of Nevada. Pursuant to notice to persons having claims against said bank, plaintiff filed his proof of preferred claim, a copy of which is attached as an exhibit to the complaint. Thereafter, on September 20, 1932, said defendant rejected plaintiff's claim as a preferred claim, and approved the same as a general claim against the assets of said Bank. Plaintiff's said claim arises by virtue of the fact that as such receiver he deposited with said bank, under order and direction of this court, moneys accruing to such receiver, and that on the date when said defendant took charge of said bank there was on deposit therein, and due to plaintiff, the sum of $96,397.98. Said moneys constituted funds received by plaintiff while acting as an officer of this court. Plaintiff further alleges: "That the moneys deposited by plaintiff in said Lyon County Bank and now in the possession of defendant E. J. Seaborn, as State Bank Examiner in charge of said Bank, constituted moneys of the United States and are a first preferred claim against the assets in the hands of said defendant. * * * "

The claim as filed and by copy made a part of the complaint contains the following recitals:

"That the said Lyon County Bank was designated by the Court as a depositary for the said funds in the hands of the Receiver, and thereupon claimant, as Receiver, deposited the said moneys in said Bank from time to time as the same came into his possession as such officer.

"That by virtue of the facts set forth hereinabove the said moneys are and constitute Federal moneys of the United States and constitute and are a first preferred claim against the assets in the hands of the State Bank Examiner as Receiver for said Lyon County Bank."

As courts in construing pleadings will take cognizance of their own records or of facts within their judicial knowledge, it is here appropriate to note, though unnecessary to a determination of the questions presented, that the order appointing plaintiff as receiver contains the provision: "The said receiver * : * shall deposit the moneys coming into his hands in some bank or banks, reporting to the Court the bank or banks so selected, and shall make to the Court at least once in each three months a report of all receipts and expenses."

It appears both from specific allegations of the complaint and from the claim as filed with the state bank examiner that plaintiff asserts a right to have the balance of the receiver's account in the closed bank adjudged a preferred claim, and paid in advance of payments to general creditors upon the assumption that the moneys so remaining on deposit "constituted moneys of the United States," or, as expressed in the claim, "Federal moneys of the United States."

■ No authorities are cited supporting the proposition that moneys derived from the operation of a private corporation while being so operated under a federal court receivership may be regarded as moneys of the United States. Not only are there no authorities so holding, but it is clear that the moneys in question are in no sense moneys of the United States. Florida Banking & Trust Co. v. Union Indemnity Co. (C. C. A.) 55 F. (2d) 640, 83 A. L. R. 1102 (certiorari denied 287 U. S. 600, 53 S. Ct. 6, 77 L. Ed. ——); American Surety Co. v. Akron Savings Bank, 212 U. S. 557, 29 S. Ct. 686, 53 L. Ed. 651; Id., 74 Ohio St. 465, 78 N. E. 1116; State ex rel. Rankin v. Bank, 85 Mont. 532, 281 P. 341 (certiorari denied 281 U. S. 725, 50 S. Ct. 239, 74 L. Ed. 1142); Stephenson v. Taylor, 185 Ark. 1100, 51 S.W.(2d) 508. The Stephenson Case last cited was a case practically identical with the case at bar. A receiver of a railroad appointed by a federal court was claiming a preferred right to funds in a closed bank upon the contention that his deposit was property of the United States.

■ Counsel for plaintiff in the brief filed cites authorities to support the statement that "moneys in the hands of officers of the United States such as post masters, officers of the forest service, Indian Agents and others, even though deposited in banks, in their own name, are construed to be entitled to preference." It does not follow, however, that a receiver of a private corporation, merely because he happens to be appointed by a federal court, is an officer of the United States, or that funds in his possession as such receiver are moneys of the United States. Where money in fact is the property of the United States (31 USCA § 191), the preference exists, otherwise it does not. The fact that a corporation is in receivership in a federal court instead of a state court, by reason of the mere fact of diversity of citizenship, manifestly could not have the effect of changing the property of the corporation into that of property of the United States. The own-

ership of the property is not changed by the appointment of a receiver by either a federal or state court. Quincy, etc., R. R. Co. v. Humphreys, 145 U. S. 82, 12 S. Ct. 787, 36 L. Ed. 632; Union Bank v. Kansas City Bank, 136 U. S. 223, 10 S. Ct. 1013, 34 L. Ed. 341; 53 C. J. 96.

■ While it is clear that plaintiff has no right of preference upon the ground specifically asserted, that the deposit in question constitutes moneys of the United States, counsel for plaintiff takes the position also that "deposits made by receiver remain the property of the court and all such moneys are in custodia legis; the receiver's possession is the possession of the court." Further it is contended that: "Parties (including banks) who have possession of Court moneys are bailees by virtue of the order of the Court." While counsel cite authorities dealing with questions of moneys in custodia legis and banks holding moneys as bailees by virtue of orders of court, no authorities are cited, and we think none may be found, holding that, in the case of the liquidation of a suspended bank, moneys on deposit by a court receiver in the absence of some statutory provision would be entitled to a preference merely because of such receivership. This is not a case similar to that of money deposited with a court and by the court directed to be deposited by its clerk in some bank upon special deposit pending the termination of the litigation, but a case where a comparatively large private corporation is allowed to carry on its business through a receiver appointed by the court. The receiver takes charge of the management of the property, but the title to the property remains in the corporation, and the profits, if any, or the proceeds of sale, subject to expenses of administration and the payment of creditors, belong to the stockholders.

■ While there is no allegation in the complaint that the deposits in the bank made by the receiver were special deposits, or were made under any understanding creating the relationship of bailor and bailee, it may be assumed from the allegations of the complaint, without reference to the files in the receivership case, that such a situation did not exist. We have here the case of a railroad being operated by a receiver appointed by the court in an action instituted by the said bank, as trustee for the bondholders. The business of the company is to be carried on until an opportune time for sale or other liquidation, which means the necessity of many transactions daily; employees paid

their salaries or wages, ordinary supplies purchased, and accounts incurred and settled with connecting railroads. Such business transactions suggest the convenience, if not necessity, of carrying an open checking account with some bank. In the absence of any other showing, such a method of doing business with a bank negatives any suggestion of bailment. There then remains the mere situation that the moneys in question were deposited in the bank by a court receiver with the knowledge of the bank that the depositor was such receiver. This situation alone does not create a preferred account. Commercial Bank v. Armstrong, 148 U. S. 50, 13 S. Ct. 533, 37 L. Ed. 363; Minard v. Watts (C. C.) 186 F. 245; Henkel v. Carnegie Trust Co., 213 N. Y. 185, 107 N. E. 346; Woodward's Petition, 307 Pa. 485, 161 A. 738; McDonald v. Fulton, 125 Ohio St. 507, 182 N. E. 504, 83 A. L. R. 1107; Andrew v. Bank, 208 Iowa, 1248, 224 N. W. 499 (certiorari denied 281 U. S. 725, 50 S. Ct. 240, 74 L. Ed. 1142); Surprise v. First Trust & Sav. Bank (Ind.) 180 N. E. 926; Montana-Wyoming Ass'n v. Commercial Nat. Bank, 80 Mont. 174, 259 P. 1060; Re Commercial & Sav. Bank (S. D.) 236 N. W. 271; 7 C. J. 633.

While the question of jurisdiction has not been raised, attention is directed to two comparatively recent decisions of the Circuit Court of Appeals of this circuit, Mullendore v. American Surety Co., 27 F.(2d) 572 (certiorari denied 278 U. S. 653, 49 S. Ct. 178, 73 L. Ed. 563), and Merryweather v. United States, 12 F.(2d) 407.

The motion to dismiss is granted.