388

## 13688

IN RE: LOAN & SAVINGS BANK
EX PARTE: DePASS v. LOWRY, RECEIVER

(170 S. E., 474)

*Messrs. Finley & Spratt,* for appellant,

*Messrs. Hart & Moss,* for respondent,

September 1, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

B. C. Adams, of York County, at some time not stated in the record, but prior to March 23, 1931, was adjudged a bankrupt in the United States Court for the Western District of South Carolina. Desiring to submit, under the bankruptcy laws, an offer of composition to his creditors, and to accomplish that purpose, he placed, on March 23, 1931, with his attorneys, Messrs. Hart & Moss, of York, the sum of $3,000.00.

On the day the money was received by them, Messrs. Hart & Moss deposited the amount to their account in the Loan & Savings Bank of York. On that day, the attorneys issued their check on the Loan & Savings Bank, payable to the order of that bank, for $3,000.00, for which the cashier of the bank issued the bank's check on the Chase National Bank of New York City for the sum of $3,000.00, which check was payable to the order of D. C. Durham, Clerk of the United States Court for the Western District of South Carolina. The amount of their check was charged to the account of Messrs. Hart & Moss. The cashier's check was delivered to Messrs. Hart & Moss, who forwarded it to Mr. Durham.

The Loan & Savings Bank, on account of insolvency, closed its doors on September 18, 1931. .

The clerk, Mr. Durham, retained the check in his possession, pending action on the offer of composition made by the bankrupt, and the check was not presented to the Chase National Bank for payment. After the Loan & Savings Bank closed, Mr. Durham assigned the check to H. E. DePass, Esquire, referee in bankruptcy.

At the time of the closing of the Loan & Savings Bank, that bank had on deposit to its credit in the Chase National Bank of New York, $9,249.59, which amount the Chase National Bank applied to the partial payment of a note made to it by the Loan & Savings Bank. The Loan & Savings Bank, before its closing, had charged on its books the check

for $3,000.00, payable to Mr. Durham, the clerk, against its account in the Chase National Bank.

Messrs. Hart & Moss, as petitioners, presumably representing not only themselves, but the referee in bankruptcy and the bankrupt, filed with the receiver a claim for preference as to the mentioned $3,000.00 check, which claim the receiver refused.

Upon the petition of Messrs. Hart & Moss in the Court of Common Pleas of York County, setting forth the facts above stated, and the return of the receiver of the bank, admitting the essential facts, the matter was heard by his Honor, Circuit Judge Grimball.

It appears from the arguments of counsel that the claim for preference was based on three grounds: First, that it was preferred under the provisions of Act No. 822, approved March 28, 1930 (36 St. at Large, page 1368), now set out as Sections 6948-6963, both inclusive, of the Code; second, that, independently of that Act, under the decisions of this Court prior to the passage of the Act, the claimants were entitled to a preference; third, that the debt of the insolvent bank, on account of the check in question, was a debt due to the United States government.

The Circuit Judge, in his order holding that the claim was preferred, did not state his reasons therefor, and did not expressly pass upon any of the mentioned grounds upon which the preference was claimed.

The claim was not entitled to preference on the two first grounds. Two recent cases of this Court are conclusive of the questions. See *Ex parte Sanders* (*In re: South Carolina Savings Bank, In re: Bamberg Banking Co.*), 168 S. C., 323, 167 S. E., 154, and *Ex parte Town of Darlington* (*Coker et al. v. Bank of Darlington, Inc., et al.*), 168 S. C., 242, 167 S. E., 412.

Neither is the claim preferred on the third ground. The debt due by the insolvent bank is not a debt to the United States government. See *American Surety*

*Co. et al. v. Royall, as Receiver (State Ex rel. Fant, State Bank Examiner, v. Bank of Florence et al.)*, 160 S. C., 1, 158 S. E., 127, and the decisions cited in the opinion of Mr. Justice Bonham and in the decree of Circuit Judge Dennis, set out in the report of the case. See, too, *Florida Bank & Trust Company v. Union Indemnity Company* (C. C. A.), 55 F. (2d), 640, 83 A. L. R., 1102; certiorari to the United States Supreme Court denied, 287 U. S., 600, 53 S. Ct., 6, 77 L. Ed., .... Compare, also, the recent United States Supreme Court decision in the case of *Letcher Spicer, etc., v. J. Bryan Smith, etc.*, 288 U. S., 430, 53 S. Ct., 415, 77 L. Ed., 875.

The judgment of this Court is that the order appealed from be, and the same is hereby, reversed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.