# North Philadelphia Trust Company's Appeal.

Argued April 16, 1934. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Samuel Knox White,* of *Peck, White & Forster,* for appellant.

*Arthur Hagen Miller, Shippen Lewis,* Special Deputy Attorney General, and *William A. Schnader,* Attorney General, for appellee, were not heard.

PER CURIAM, June 30, 1934:

The United Security Trust Company, located in Philadelphia, was taken over by the Secretary of Banking of the Commonwealth on October 5, 1931. At that time, the North Philadelphia Trust Company had a general deposit account with the United Security Trust Company in the sum of $35,731.30, designated "North Philadelphia Trust Company, Trust Funds," and at the same time the United Security Trust Company had a general deposit account with the North Philadelphia Trust Company in the sum of $36,501.11, designated "United Security Trust Company, Trust Funds." Subsequently, the full amount of the closed bank's account in the North Philadelphia Trust Company was paid over to the Secretary of Banking. In the first and partial account filed by the Secretary of Banking as receiver of the United Security Trust Company in Common Pleas Court No. 3, Philadelphia County, the "North Philadelphia Trust Company, Trust Funds," account was treated as an ordinary deposit and was classified with other general deposit accounts. Exceptions to the account were filed by the North Philadelphia Trust Company on the ground that the deposit constituted a trust

fund which should have been treated as payable in priority to ordinary deposit accounts. The present appeal is from dismissal of the exceptions.

Appellant's contention cannot be sustained. There was nothing in the relationship between appellant and the closed bank to take the former's account out of the class of ordinary deposit accounts. The United Security bank was not a trustee but merely a depository. Although a trust relationship existed between appellant and the real owners of the account in question, this fact cannot give appellant any higher right than an ordinary depositor against the institution in which it placed the funds for safe-keeping. This was clearly, held in Woodward's Petition, 307 Pa. 485, in which we denied any preference to a fiduciary who deposited trust funds in a general deposit account under his name as receiver, and sought to obtain priority of payment when the depository failed. That case rules the present controversy adversely to appellant's contention, and makes further discussion of the matter unnecessary.

Decree affirmed at appellant's cost.